**[Cite as *State ex rel. Gifford v. Swenski*, 2025-Ohio-5183.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. JAY L.
GIFFORD

    Relator

    v.

JUDGE LISA I. SWENSKI

    Respondent

C.A. No.    25CA012233

ORIGINAL ACTION IN MANDAMUS

Dated: November 17, 2025

PER CURIAM.

**{¶1}** Relator, Jay Gifford, has petitioned this Court for a writ of mandamus to order Judge Swenski to conduct a review hearing and determine whether an ex parte order was justified or ought to be modified. Judge Swenski has moved to dismiss the petition, and the parties have filed supporting briefs and replies. For the following reasons, we dismiss the petition.

**{¶2}** To obtain a writ of mandamus, Mr. Gifford must demonstrate that he has a clear legal right to the relief requested, Judge Swenski has a clear legal duty to provide it, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6. "It is well-settled that mandamus will not 'compel the performance of a duty that has already been performed.'" *Moss v. McLaughlin*, 2021-Ohio-2744, ¶ 2 (9th Dist.), quoting *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998). "[A] court

can rely on extrinsic evidence to determine that a matter is moot." *State ex rel. Rodriguez v. Lorain Cty. Joint Vocational Sch.*, 2025-Ohio-127, ¶ 5.

{¶3} Mr. Gifford seeks a writ of mandamus to compel Judge Swenski to hold a review hearing regarding an ex parte order that she issued on August 9, 2024. There is no dispute that she held a hearing on the order on August 21, 2024, and August 23, 2024. The docket reflects that she set the matter for a third hearing date in November 2024 but cancelled the scheduled hearing because Mr. Gifford sought to disqualify her. After the Supreme Court denied his affidavit of disqualification, he filed this petition. Since the filing of the petition, however, Judge Swenski has held several additional hearings regarding her ex parte order. The docket reflects that she held hearings on June 26, 2025, August 6, 2025, and September 26, 2025. It further reflects that the September 26th date resulted in a continuance and the scheduling of an additional hearing date. That hearing date is set for December 12, 2025. Thus, the docket shows that Judge Swenski has recently held hearings and has already set this matter for further review hearing to take evidence on the ex parte order that she issued on August 9, 2024.

{¶4} As noted, a writ of mandamus will not issue to compel an act that has already been performed. *See Moss* at ¶ 2, quoting *State ex rel. Grove* at 253. Nor will it issue to compel a judge to enter a specific judgment. *State ex rel. Rashada v. Pianka*, 2006-Ohio-6366, ¶ 3. Because the docket reflects that Judge Swenski is actively working toward resolving the dispute surrounding her August 9, 2024 order, an order compelling her to do so would be futile. We must conclude that her actions in the underlying case have rendered this mandamus action moot. Because this matter is moot, the case is dismissed. All outstanding motions are denied.

**{¶5}** Costs of this action are taxed to Mr. Gifford. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
SCOT A. STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Relator.

ANTHONY CILLO, Prosecuting Attorney, and CHRISTINE MENDOZA, Assistant Prosecuting Attorney, for Respondent.